FILED

2010 MAR 19 PM 1:02

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Larry Dean Thompson, | : | Case No. 1:08CV2913 |
| Petitioner | : | Judge Sara Lioi |
| v. | : | Magistrate Judge David S. Perelman |
| Carl Anderson[1], Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his May 2, 2006 conviction pursuant to pleas of guilty to one count of aggravated robbery, upon which he was sentenced to ten years incarceration, one count of abduction, upon which he was sentenced to five years incarceration, and one count of possession of criminal tools, upon which he was sentenced to twelve months in prison, those sentences to be served consecutively, for an aggregate term of sixteen years in prison.

Petitioner appealed his convictions to the Ohio Fifth District Court of Appeals alleging a sole assignment of error:

> I. Whether the trial court sentencing of Appellant to consecutive sentences totaling sixteen years, six years more than the

---

[1] Although Carl Anderson is named in the case caption, he is no longer the warden at that facility. Robert Welch is the current warden.

1

> maximum for a first degree felony conviction, instead of a community control sanction or lesser prison term imposes an unnecessary burden on state governmental resources pursuant to R.C. 2929.13(A) and was supported by the record.

On October 15, 2007 the appellate court affirmed the convictions and sentences.

In its opinion, the court summarized the facts in petitioner's case as follows:

> On the night of April 12, 2006, appellant entered a laundry and tanning business armed with a knife and ordered two female store clerks to go into a back closet. Appellant then ordered them to kneel on the floor and to remove their shirts. After tying their hands behind their backs, appellant began smoking crack cocaine in front of them and then took money out of a cash register and left.
>
> Thereafter, on April 28, 2006, a Bill of Information was filed alleging that appellant committed one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree, and one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.
>
> On May 1, 2006, appellant entered a plea of guilty to the above charges. As memorialized in a Judgment Entry filed on June 23, 2006, the trial court sentenced appellant to a term of ten years (10) on the count of aggravated robbery, to five years (5) on the abduction charge and to one year (1) on the charge of possessing criminal tools. The trial court, in its entry, ordered that the sentences were to be served consecutively, for an aggregate prison sentence of sixteen years (16).

Petitioner did not appeal the forgoing decision to the state supreme court.

Instead, six months later he filed a *pro se* motion to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, presenting the following five proposed assignments of error:

> 1. Appellate counsel was ineffective for not raising non-frivolous issues on appellant's direct appeal that prejudiced appellant during his sentencing hearing.

2. Trial court erred violating appellant's Fifth, Sixth, and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by denying appellant and his attorney the right to comment on the court's oral summary of the presentence investigation report in violation of O.R.C. 2951.03(B)(3).

3. The trial court violated applicant's rights to a fair trial under the 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution by sentencing applicant to maximum consecutive sentences for offenses which he had never been indicted for nor tried.

4. Appellant was denied a fair sentencing hearing by the prosecutor's improper and prejudicial remarks violating appellant's 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution.

5. Appellant was deprived of his 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution rights to a fair trial due to cumulative errors.

On June 2, 2008 the appellate court denied the application to reopen, holding that the application was untimely filed, that petitioner had failed to demonstrate good cause for the untimely filing, and that he had also failed to attach a sworn statement in accordance with the requirements of Rule 26(B)(2)(d) of the Ohio Rules of Appellate Procedure.

Petitioner appealed the denial of his application to reopen to the Ohio Supreme Court, alleging the following six propositions of law:

> **Proposition of Law No. I**: App.R. 26(B) applications are not be dismissed solely on procedural default where there is evidence from the record that there are colorable claims.
>
> **Proposition of Law No. II**: Appellate counsel was ineffective by failing to raise that the trial court erred violating appellant's Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by denying appellant and his attorney the right to comment on the court's oral summary of the presentence investigation report in violation of O.R.C. 2951.03(B)(3).

3

> **Proposition of Law No. III**: Appellate counsel was ineffective by failing to raise that the trial court violated appellant's rights to a fair trial violating his Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by sentencing appellant to maximum consecutive sentences for alleged offenses that appellant had never been indicted for nor tried.
>
> **Proposition of Law No. IV**: Appellate counsel was ineffective by failing to raise that appellant was denied a fair sentencing hearing because of the prosecutor's improper and prejudicial remarks violating appellant's Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution.
>
> **Proposition of Law No. V**: Appellate counsel was ineffective by failing to raise that appellant's sentences are contrary to law where appellant's aggravated robbery, abduction and criminal tools convictions are allied offenses of similar import.
>
> **Proposition of Law No. VI**: The transcript of the sentencing hearing are not accurate with appellant's recollection of the sentencing hearing where the audio/video recording must be reviewed in order for the accuracy of the proceedings to be verified.

On September 26, 2008 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On May 27, 2008, while petitioner's Rule 26(B) application to reopen his appeal was pending, he filed with the trial court a motion to vacate, set aside or modify his conviction and sentence, arguing that his sentence was void as it was premised upon a faulty indictment. On June 19, 2008, the trial court denied the motion, holding that it was untimely and barred by res judicata.

Petitioner appealed the denial of his post-conviction motion to the Ohio Fifth District Court of Appeals alleging the following two assignments of error:

> I. The trial court abused its discretion overruling defendant's postconviction motion to vacate, set aside or modify conviction

and sentence.

II. Defendant's sentences are contrary to law where aggravated robbery, abduction and criminal tools are all allied offenses of similar import.

On October 6, 2008 the appellate court affirmed the decision of the trial court.

Petitioner did not appeal the foregoing affirmance to the state supreme court.

On December 12, 2008 petitioner filed the instant petition, in which he raises the following four claims for relief:

A. **GROUND ONE:** The petitioner received ineffective assistance of appellate counsel.

**Supporting FACTS:** The appellate attorney only raised one meritless issue, and failed to raise several valid ones, against the Petitioner's wishes. Furthermore, the attorney never notified the Petitioner of the result of his appeal.

B. **GROUND TWO:** The trial court considered improper factors when sentencing the petitioner.

**Supporting FACTS:** The judge said her sentence was based on a charge that the Petitioner was never tried for or convicted of. Even though this charge was dismissed at the grand jury level, the judge told the Petitioner "You did this." The judge then would not allow the Petitioner or lawyer to comment on this untrue accusation that appeared in the presentence investigation report.

C. **GROUND THREE:** The trial court illegally altered the transcripts.

**Supporting FACTS:** At sentencing, the judge made improper remarks. These improper and prejudicial remarks, however, never appeared on the official transcripts. Therefore, the court must have edited them out.

D. **GROUND FOUR:** Petitioner's sentence is contrary to law where aggravated robbery, abduction, and criminal tools are all

5

>
> allied offenses of similar import.
>
> **Supporting FACTS:** All the offenses the Petitioner was convicted of happened at the same time and same place. Since these crimes are allied offenses under Ohio law, the Petitioner couldn't have been given consecutive sentences.
>
> E. **GROUND FIVE:**[2] The Petitioner's indictment failed to include an essential element of the offense of aggravated robbery.
>
> **Supporting FACTS:** The Petitioner's indictment failed to include an essential element of the offense of aggravated robbery, namely, the mens rea of "recklessness."

At the outset it is important to note that pursuant to petitioner's "motion to delete" his third claim for relief, this Court dismissed that claim in a marginal endorsement dated June 22, 2009.[3]

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

The respondent asserts that petitioner has procedurally defaulted his second and fourth claims for relief. In particular, he alleges that petitioner failed to present his second claim for relief in a timely appeal to the state supreme court, and, although he did raise it in his Rule 26(B) application to reopen his appeal, that application was denied as having been untimely filed and for not having submitted a sufficient supporting affidavit. As regards the fourth claim for relief, respondent argues that petitioner failed to raise this issue at sentencing as was required by Ohio's

---

[2] For some unexplained reason respondent's counsel neglected to identify this claim for relief as having been part of the petition and, therefore, failed to address it in the return of writ.

[3] Respondent's counsel neglected to mention the dismissal of the third claim for relief, instead addressing the its merits, despite the fact that the dismissal occurred approximately six months prior to the filing of the return of writ.

6

AO 72A
(Rev. 8/82)

contemporaneous objection rule, and that he failed to raise this issue in his Rule 26(B) application to reopen the appeal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim articulated in the habeas corpus petition; a petitioner must present the same legal theory to the state courts as is presented to the federal court in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related,

7

but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978). However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part

test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Accord, Lancaster v. Adams, supra at 436.

As it is the task of this Court to only consider claims which were adjudicated on the merits in the state courts, this Court generally may not address claims which were not substantively analyzed by the state courts, either due to failure to raise them before the state courts while a remedy was available or due to a state procedural rule precluding merits review of such claim. Claims which fall into that category are procedurally defaulted and may not be considered on federal habeas review. Lancaster v. Adams, 324 F.3d 423, 436 (6th Cir. 2003), citing Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000).

The Sixth Circuit Court of Appeals has delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the

9

sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Accord, Lancaster v. Adams, supra at 436.

It is clear that the state appellate court denied petitioner's Rule 26(B) application to reopen on procedural grounds, holding:

> Defendant-appellant, in his application, asserts that he had good cause for filing his application untimely because he did not receive notice of this Court's decision denying his direct appeal. However, the documents attached to defendant-appellant's application establish that he was aware of this Court's Opinion on December 19, 2007. Defendant-appellant, however, did not file his application within forty five days of such date.
>
> Defendant-appellant further asserts that he had good cause for filing his application untimely because he did not have access to the transcripts of the plea and sentencing hearings. As noted by the Court in *State v. Sweeney* (1999), 131 Ohio App.3d 765, 723 N.E.2d 655; "in *State v. Simms* (Aug. 13, 1998), Cuyahoga App. No. 69314, unreported, 1998 WL 5181655, failure to obtain a transcript was found not to be good cause for untimely filing. In particular, the court in *Simms* relied on the fact that App. R. 26(B)(2)(e) requires attachment only of those parts of the record that the applicant has available. Therefore, lack of access to various parts of the transcript does not automatically prevent applicants from filing a timely motion." Id. at 769.
>
> Finally, we note that App.R. 26(B)(2)(d) requires an application to contain "[a] sworn statement of the basis for the claim that appellate

10

counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;..." While defendant-appellant, in an affidavit attached to his application, states that "the aforementioned Application to Reopen Direct Appeal is true and correct to the best of my knowledge, information, and belief," we note that, in (1995), 72 Ohio St.3d 372, 373, 650 N.E.2d 447, the Ohio Supreme Court held that an affidavit swearing to the truth of the allegations of the application falls short of the particularity required by such rule. See also *State v. Wolfe*, Belmont App.No. 97 BA 37, 2000-Ohio-2629. We find, therefore, that defendant-appellant's affidavit does not comply with App.R. 26(B)(2)(d).

Applying the four-part analysis to the foregoing, the petitioner's failure to present his second claim for relief in a timely appeal to the state supreme court, standing alone, constitutes procedural default. In addition, although he did raise that claim in his Rule 26(B) application to reopen his appeal, that application was denied as having been untimely filed and for not having submitted a sufficient supporting affidavit. The 90 day time limit for filing the Rule 26(B) application was not followed by petitioner, and the state court enforced that failure by dismissing the petition as untimely, with such a dismissal having been found to be an adequate and independent ground for barring review of the federal constitutional claim. Parker v. Bagley, 543 F.3d 859 (6th Cir. 2008), citing Scuba v. Brigano, 527 F.3d 479, 488 (6th Cir. 2007). Accord, Rideau v. Russell, unreported, Case No. 08-3466, 2009 U.S.App. LEXIS 18895 (6th Cir. 2009). The foregoing satisfies the first three parts of the Maupin test.

As cause for the foregoing procedural default, the petitioner asserts, as he did before the state court, that his appellate counsel failed to provide him with notice of the appellate court decision affirming his conviction, and that he did not have access to the transcripts of the plea and

sentencing hearings, arguments which were rejected by the state appellate court as factually inaccurate and/or as failing to establish good cause for untimely filing. The same rationale applies to defeat petitioner's attempt to establish cause for the procedural default attendant to his Rule 26(B) application.

Furthermore, the requirement of a sworn supporting affidavit satisfying Rule 26(B)(2)(d) is firmly established and regularly followed, so as to constitute an adequate and independent state procedural rule. State v. Perry, Case No. 90497, 2009 Ohio 2245, 2009 Ohio App. LEXIS 1898 (Cuyahoga Cnty. 2009); State v. Young, Case No. 70858, 2007 Ohio 6481, 2007 Ohio App. LEXIS 5673 (Cuyahoga Cnty. 2007), citing State v. Phillips, Case No. 79192, 2001 Ohio App. LEXIS 5512 (Cuyahoga Cnty. 2001); State v. Lechner, supra; State v. Russell, Case No. 73713, 1999 Ohio App. LEXIS 6302 (Cuyahoga Cnty. 1999); and State v. Parker, Case No. 71260, 1997 Ohio App. LEXIS 5098 (Cuyahoga Cnty. 1997). Petitioner's reliance on his *pro se* status as excusing his default is unconvincing, as is his assertion that the requirement is a "pointless" technicality elevating form over substance, which is a proposition with which the state court also clearly disagreed. Consequently, petitioner's second claim for relief should be dismissed as having been procedurally defaulted.

For some unknown reason, the respondent fails to argue that petitioner's first claim for relief, in which he asserts the ineffective assistance of appellate counsel as he did in his Rule 26(B) application to reopen, has been procedurally defaulted based on the same reasoning. Instead, the respondent alleges that petitioner fails to detail the particulars of his claim of ineffective assistance of appellate counsel. Yet despite respondent's failure to raise the issue of procedural default of this claim, procedural default may be raised sua sponte by a federal district court in a habeas case, as

Your Honor held in Rafferty v. Hudson, Case No. 5:09CV1973, 2009 U.S.Dist. LEXIS 60579, *16 (N.D.Ohio 2009) (citing Lorraine v. Coyle, 291 F.3d 416, 426 (6th Cir. 2002); Elzy v. United States, 205 F.3d 882, 886 (6th Cir. 2000); Day v. McDonough, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006)).[4]

In his first claim petitioner challenges his appellate counsel's representation as unconstitutional ineffective assistance, based on the fact that counsel raised an issue on appeal which petitioner deemed meritless, while deciding not to raise other issues suggested by petitioner. The only way that issue would be properly before this Court was if it had been raised by the petitioner in his Rule 26(B) application to reopen. Yet even if it had been raised therein (which it was not), because the state appellate court dismissed that application as procedurally defaulted as set forth in the above analysis, the issue would also be procedurally defaulted in this habeas proceeding. For that reason, petitioner's first claim for relief should also be dismissed.

Turning next to petitioner's fourth claim for relief, the respondent argues that it is procedurally defaulted by reason of the fact that petitioner failed to raise this issue at sentencing as was required by Ohio's contemporaneous objection rule, that he failed to raise it on direct appeal, and that he failed to raise this issue in his Rule 26(B) application to reopen the appeal. Petitioner raised this argument for the first time on appeal of the dismissal of his Rule 26(B) application, arguing that his appellate counsel was ineffective for failing to raise it on direct appeal. This Court agrees with the respondent that this claim is procedurally defaulted.

---

[4] Other courts have agreed that a district court may raise sua sponte the issue of procedural default, as long as a petitioner is afforded an opportunity to present arguments on the issue, at least upon filing objections to a magistrate judge's report and recommendation that a claim be deemed procedurally defaulted. Schuler v. Hudson, Case No 1:08CV0456, 2009 U.S.Dist. LEXIS 102737, *26 (S.D.Ohio 2009) (citing numerous cases).

13

Petitioner's failure to comply with Ohio's contemporaneous objection rule rendered the claim procedurally defaulted. State v. Campbell, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994). In addition, as this Court previously noted, pursuant to a longstanding Ohio procedural rule a claim which could have been raised on direct appeal but was not would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, supra at 593. While petitioner ultimately argued on appeal of the dismissal of his Rule 26(B) application that his direct appeal counsel was ineffective for failing to raise this issue, he does not offer cause for failure to object at sentencing. Absent such a showing, this claim for relief is subject to dismissal.

Although not addressed by the respondent, this Court is also of the opinion that petitioner's fifth claim for relief has been procedurally defaulted.

Petitioner first raised the claim that his sentence was void as it was premised upon a faulty indictment in his petition for post-conviction relief filed with the trial court, which that court denied has having been untimely filed and barred by res judicata. The appellate court affirmed that decision on procedural grounds, as well as on review of the merits of the claim, holding in pertinent part:

> R.C. §2953.21(A)(2) provides for time limitations and states the following:
>
> "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed int he court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
>
> Upon review of the docket, we find that the trial transcript in this matter was filed on September 1, 2006, requiring him to file his

14

petition no later than February 28, 2007. Appellant filed his post-conviction motion on May 27, 2008. Therefore, pursuant to said statute, we find the statutory time period for Appellant's motion for post-conviction relief had expired. In addition, Appellant has not shown any reason for the untimely filing under R.C. §2953.21(A).

Also, Appellant's arguments about his sentence were available on direct appeal. Therefore, Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

"Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

Finally, Appellant has submitted the case of *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, as supplemental authority in this appeal. In *Colon*, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. §2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant *recklessly* inflicted, attempted to inflict, or threatened to inflict physical harm. The *Colon* court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.

However, we find that the holding in *Colon* I is only prospective in nature, in accordance with the Ohio Supreme Court's general policy that newly-declared constitutional rules in criminal cases are applied prospectively, not retrospectively. See *State v. Colon*, Slip Opinion No. 2008-Ohio-3749 (Colon II). A *Colon* claim is prospective only, and does not apply to collateral attacks such as petitions for post-conviction relief.

Furthermore, we find that *Colon* has no application to this appeal. *Colon* was a direct appeal from the Appellant's judgment of conviction, while this is an appeal from the denial of a petition for post-conviction relief. Post-conviction relief is not available to

15

> challenge the validity or sufficiency of an indictment as an adequate remedy exists by direct appeal. *State ex rel. Simpson v. Lazaroff*, 75 Ohio St.3d 571, 1996-Ohio-571; *Chapman v. Jago* (1976), 48 Ohio St.2d 51; *Minyard v. Morgan* (June 29, 2001), Marion App. No. 9-2000-103; *State v. Murr* (May 26, 1995), Sandusky App. No. S-94-025.
>
> Post-conviction relief is available only for errors based upon facts and evidence outside the record. "Errors and deficiencies in an indictment are not outside the record; therefore they can only be attacked on direct appeal. *** It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it is based upon a claim that the indictment is insufficient or defective, since this claim would not require consideration of matters outside the original record." *State v. Grimm* (April 25, 1997), Miami App. Nos. 96-CA-37 and -38 (citations omitted). The petitioner did not raise the sufficiency of the indictment on direct appeal, although he could have done so. Therefore, he is barred by res judicata from raising that issue now.

For the reasons articulated above, this claim for relief was clearly procedurally defaulted due to the fact that petitioner's post-conviction petition was untimely, that the issues raised therein were not raised on direct appeal, thus rendering them barred by res judicata, that the state court enforced the sanction for failure to comply with the procedural rules. Such failures constitute an adequate and independent ground for barring review in habeas corpus. Consequently, this claim for relief should be dismissed.

Further, even upon merits review petitioner's fifth claim for relief is unavailing.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

16

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if

17

the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

In addition, it is well-established that there is no federal constitutional right to be charged in an indictment. Hurtado v. California, 110 U.S. 516, 537-38 (1884); Branzburg v. Hayes, 408 U.S. 665 (1972); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984); Watson v. Jago, 558 F.2d 330, 337 (6th Cir. 1977). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Koontz, supra at 369, citing In Re Ruffalo, 390 U.S. 544 (1968); Blake v. Morford, 563 F.2d 248 (6th Cir. 1977); and Watson v. Jago, supra at 338. Such fair notice is given when the offense charged is described with "precision and certainty so as to apprise the accused of the crime with which he stands charged." Ibid.

18

That having been said, claims of error in an indictment are state law claims not cognizable in habeas corpus, unless it can be shown that the defendant was denied fair notice of the charges against him or her so as to adequately prepare a defense.

The state appellate court held that the indictment did not violate petitioner's constitutional rights, stating in pertinent part:

> Finally, even if the sufficiency or validity of the indictment could be raised by a petition for post-conviction relief, *Colon* does not support the contention that the indictment in this case was invalid. *Colon* concerned an indictment for robbery in violation of R.C. §2911.02(A)(2), which provides that "No person, in attempting or committing a theft offense *** shall do any of the following: *** (2) Inflict, attempt to inflict, or threaten to inflict physical harm." The *Colon* court held that:
>
> "R.C. §2911.02(A)(2) does not specify a particular degree of culpability for the act of 'inflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, [pursuant to R.C. 2901.21(B),] the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. *Colon*, 2008-Ohio-1624, ¶ 14.
>
> In the case sub judice, Appellant was charged with aggravated robbery in violation of R.C. §2911.01(A)(1). This charge did not contain the physical harm element at issue in *Colon*, but instead charged that the petitioner "[had] a deadly weapon on or about his person or under his control, to-wit: one (1) knife, and did display said weapon, or brandish it, or indicate that he possessed it, or used said weapon, in violation of Ohio Revised Code Section 2911.01(A)(1), AGGRAVATED ROBBERY, a felony of the first degree."
>
> Unlike the physical harm element, "[t]he deadly weapon element of R.C. 2911.02(A)(1), to wit, '[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]' does not require the *mens rea* of recklessness." *State v. Wharf* (1999), 86 Ohio St.3d 375, paragraph one of the syllabus. "To establish a violation of R.C.

AO 72A
(Rev. 8/82)

2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." *Id.*, paragraph two of the syllabus. The deadly weapon element of aggravated murder is analogous, and also does not require proof of a mens rea element. *State v. Kimble*, Mahoning App. No. 06 MA 190, 2008-Ohio-1539, ¶ 29. Therefore, the indictment in this case was not insufficient.

Having found that the indictment in this cause was not insufficient, we find Appellant's argument that the trial court lacked subject matter jurisdiction to be without merit.

These allegations of violation of state law fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus. If they were to be considered, this Court would not find that the decision of the state appellate court either objectively unreasonable or that it involved an unreasonable application of federal law. Consequently, petitioner's fifth claim for relief must fail.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits, and it is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: March 19, 2010

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).