**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY DEAN THOMPSON,** | ) | **CASE NO. 1:08CV2913** |
| | ) | |
| **PETITIONER,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **CARL ANDERSON[1], Warden,** | ) | |
| | ) | |
| | ) | |
| **RESPONDENT.** | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman. (Doc. No. 30.) Petitioner Larry Dean Thompson ("Petitioner" or "Thompson") has filed objections to the Report. (Doc. No. 33.) Respondent Carl Anderson ("Respondent") did not file a response. Having reviewed *de novo* those portions of the R&R that have been properly objected to, *see* Fed. R. Civ. P. 72(b)(3), for the reasons that follow, the Report and Recommendation is **ACCEPTED**. Petitioner's application for a writ of habeas corpus (Doc. No. 11) is **DENIED**. Further, seeing no cause for an evidentiary hearing, the Court **DENIES** Petitioner's motion for an evidentiary hearing. (Doc. No. 33.)

**I. INTRODUCTION**

On May 1, 2006, in the Ashland County, Ohio Court of Common Pleas, Thompson pled guilty to one count of Aggravated Robbery in violation of Ohio Revised Code § 2911.01(A)(1), one count of Abduction in violation of Ohio Revised Code § 2905.02(A)(2), and one count of Possessing Criminal Tools in violation of Ohio Revised Code § 2923.24(A). The

---

[1] Although Carl Anderson is named as Respondent, he is no longer the warden at the Toledo Correctional Institution. Robert Welch is the current warden and thus the correct Respondent.

circumstances of the offense are not in dispute. On April 12, 2006, Petitioner entered a laundry and tanning business and robbed two female clerks at knifepoint. During the robbery, Petitioner ordered the women to go into a closet where he had them kneel and remove their shirts while he tied them up and smoked crack in front of them. On June 23, 2006, Petitioner was sentenced to 10 years for aggravated robbery, 5 years for abduction, and 1 year for possessing criminal tools, terms to be served consecutively.

Thompson, through appellate counsel, appealed his conviction to the Ohio Fifth District Court of Appeals, Ashland County on July 20, 2006. Thompson's brief alleged one assignment of error:

> 1. Whether the trial court sentencing of appellant to consecutive sentences totaling sixteen years, six years more than the maximum for a first degree felony conviction, instead of community control sanction or lesser prison term imposes an unnecessary burden on state governmental resources pursuant to R.C. 2929.13(A) and was supported by the record.

In an opinion journalized on October 15, 2007, the Court of Appeals overruled Thompson's sole assignment of error and affirmed the trial court's judgment. Thompson did not appeal the decision to the Ohio Supreme Court.

On April 14, 2008, six months after his first appeal was denied, Thompson filed a *pro se* application to reopen his appeal to the Ohio Fifth District Court of Appeals, Ashland County pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. He presented five proposed assignments of error:

> 1. Appellate counsel was ineffective for not raising non-frivolous issues on appellant's direct appeal that prejudiced appellant during his sentencing hearing.
>
> 2. Trial court erred violating appellant's Fifth, Sixth, and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by denying appellant and his attorney the right to comment on the court's oral summary of the presentence investigation report in violation of O.R.C. 2951.03(B)(3).

2

3.  The trial court violated applicant's rights to a fair trial under the 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution by sentencing applicant to maximum consecutive sentences for offenses which he had never been indicted for nor tried.

4.  Appellant was denied a fair sentencing hearing by the prosecutor's improper and prejudicial remarks violating appellant's 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution.

5.  Appellant was deprived of his 5, 6, & 14 U.S.C.A. and Article I Section 10 of the Ohio Constitution rights to a fair trial due to cumulative errors.

The Court of Appeals denied Thompson's application to reopen on June 2, 2008, holding that his application was untimely, he failed to show good cause for the untimely filing, and he failed to attach the correct sworn affidavit as required by Rule 26(B). Thompson appealed the denial of his application to reopen to the Ohio Supreme Court on July 17, 2008, presenting six propositions of law:

1.  App.R. 26(B) applications are not to be dismissed solely on procedural default where there is evidence from the record that there are colorable claims.

2.  Appellate counsel was ineffective by failing to raise that the trial court erred violating appellant's Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by denying appellant and his attorney the right to comment on the court's oral summary of the presentence investigation report in violation of O.R.C. 2951.03(B)(3).

3.  Appellate counsel was ineffective by failing to raise that the trial court violated appellant's rights to a fair trial violating his Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution by sentencing appellant to maximum consecutive sentences for alleged offenses that appellant had never been indicted for nor tried.

4.  Appellate counsel was ineffective by failing to raise that appellant was denied a fair sentencing hearing because of the prosecutor's improper and prejudicial remarks violating appellant's Fifth, Sixth and Fourteenth U.S.C.A. and Article I Section 10 of the Ohio Constitution.

5.  Appellate counsel was ineffective by failing to raise that appellant's sentences are contrary to law where appellant's aggravated robbery, abduction and criminal tools convictions are allied offenses of similar import.

6. The transcript of the sentencing hearing are [sic] not accurate with appellant's recollection of the sentencing hearing where the audio/video recording must be reviewed in order for the accuracy of the proceedings to be verified.

On September 26, 2008, the Ohio Supreme Court denied Thompson's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Thompson did not appeal the Ohio Supreme Court's decision to the United States Supreme Court.

On May 27, 2008, while Thompson's Rule 26(B) application was pending, he filed a motion to vacate, set aside or modify his conviction and sentence pursuant to Ohio Revised Code §§ 2953.21 and 2953.23, alleging that his sentence was void because of a faulty indictment. On June 19, 2008, the trial court denied the motion as untimely and barred by res judicata.

Thompson appealed the denial of his post-conviction motion to vacate to the Ohio Fifth District Court of Appeals, presenting two assignments of error:

1. The trial court abused its discretion overruling defendant's postconviction motion to vacate, set aside or modify conviction and sentence.

2. Defendant's sentences are contrary to law where aggravated robbery, abduction and criminal tools are all allied offenses of similar import.

The Court of Appeals denied the motion and on October 6, 2008 issued an opinion affirming the judgment of the trial court. Thompson did not appeal the affirmance to the Ohio Supreme Court.

On December 12, 2008, Thompson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the United States District Court for the Northern District of Ohio, asserting five grounds of relief:

1. **GROUND ONE:** The Petitioner received ineffective assistance of appellate counsel.

**Supporting FACTS:** The appellate attorney only raised one meritless issue, and failed to raise several valid ones, against the Petitioner's wishes. Furthermore, the attorney never notified the Petitioner of the result of his appeal.

2. **GROUND TWO:** The trial court considered improper factors when sentencing the Petitioner.

**Supporting FACTS:** The judge said her sentence was based on a charge that the Petitioner was never tried for or convicted of. Even though this charge was dismissed at the grand jury level, the judge told the Petitioner "You did this." The judge then would not allow the Petitioner or lawyer to comment on this untrue accusation that appeared in the presentence investigation report.

3. **GROUND THREE[2]:** The trial court illegally altered the transcript.

**Supporting FACTS:** At sentencing, the judge made improper remarks. These improper and prejudicial remarks, however, never appeared on the official transcripts. Therefore, the court must have edited them out.

4. **GROUND FOUR:** Petitioner's sentence is contrary to law where aggravated robbery, abduction, and criminal tools are all allied offenses of similar import.

**Supporting FACTS:** All the offenses the Petitioner was convicted of happened at the same time and same place. Since these crimes are allied offenses under Ohio law, the Petitioner couldn't have been given consecutive sentences.

5. **GROUND FIVE:** The Petitioner's indictment failed to include an essential element of the offense of aggravated robbery.

**Supporting FACTS:** The Petitioner's indictment failed to include an essential element of the offense of aggravated robbery, namely, the mens rea of "recklessness."

Respondent filed an answer opposing Thompson's petition on November 6, 2009.

(Doc. No. 24.) Magistrate Judge Perelman issued a Report and Recommended Decision

("R&R") on March 19, 2010 in which he recommended that Thompson's petition be dismissed

based on procedural default. (Doc. No. 30.) The Magistrate Judge found that all of Petitioner's

claims were procedurally defaulted. Claims one, two, and four were procedurally defaulted based

upon Petitioner's untimely Rule 26(B) application. The Magistrate Judge found that Claims two,

---

[2] Petitioner filed a motion to delete this claim for relief (Doc. No. 12) on June 22, 2009, and the Court dismissed the claim the same day.

four, and five were procedurally defaulted based upon res judicata. Claim five was also found to be procedurally defaulted based upon Petitioner's untimely post-conviction petition. Additionally, the Magistrate Judge reviewed Claim five on the merits, finding the claim to be not cognizable in a federal habeas corpus proceeding because it was a state law claim and did not rise to the level of denial of fundamental fairness. Thompson timely objected to the R&R on June 1, 2010 (Doc. No. 33), presenting four objections:

1. **OBJECTION I:** For the following reasons, the Magistrate erred in finding the Petitioner's First and Second claims were procedurally defaulted due to the untimely filing of his Rule 26(B) application.

2. **OBJECTION II:** For the following reasons, the Magistrate erred in ruling that the Petitioner's First and Second Grounds are procedurally defaulted due to an insufficient affidavit in his Rule 26(B) Application.

3. **OBJECTION III:** The Magistrate erred in claiming that the Petitioner failed to raise his ineffective assistance of appellate counsel claim in his Rule 26(B) Application.

4. **OBJECTION IV:** The Magistrate erred in allowing the Respondent to file a very untimely Answer, not deciding all the Petitioner's grounds on the merits, and sua sponte raising procedural defenses the Respondent failed to raise.

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court now reviews *de novo* Thompson's objections to the R&R.

## II. STANDARD OF REVIEW

Thompson's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA dictates that an application for writ of habeas corpus must be filed within one year of the date the judgment became final at the end of direct review or at the expiration of the time period for applying for direct review. 28 U.S.C. § 2244(d)(1)(A).

AEDPA also provides this Court a very limited scope of review. A federal court may not consider a claim for habeas relief from a state court conviction if the last state court

adjudicated the instant federal law question "on the merits" unless: (1) the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, or (2) the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law only "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133 (2005). A state court decision is based on "an unreasonable application of [. . .] clearly established precedents if the state court applies [those] precedents to the facts in an objectively unreasonable manner." *Id.*

Additionally, a federal court may not grant a petition for writ of habeas corpus if an independent and adequate state ground justifies petitioner's detention, such as procedural default in state court. *Wainwright v. Skyes*, 433 U.S. 72, 81-88 (1977). A petitioner can procedurally default a claim in a federal habeas petition by failing to fairly present that claim to the state court while state court remedies were available or by failing to comply with a state procedural requirement, thereby preventing the state court from reviewing petitioner's claim on the merits. *Wilson v. Hurley*, 2010 U.S. App. LEXIS 13141 *10 (6th Cir. June 28, 2010) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)).

The Sixth Circuit has established, in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), a four-part test to determine whether a claim is procedurally defaulted based upon petitioner's failure to follow a state procedural rule that prevented the state court from hearing the merits of the claim. First, the federal court must determine that there is a state procedural requirement applicable to petitioner's claim and that petitioner did not comply with the

requirement. *Id.* Second, the federal court must determine whether the state court enforced the rule against petitioner. *Id.* Third, the court must decide if the procedural error is an adequate and independent state ground to foreclose review of the federal constitutional claim. *Id.* A procedural state rule constitutes an adequate and independent ground to foreclose review of a constitutional claim if it is well-established and normally enforced by the state. *Lundgren*, 440 F.3d at 763. If the above three factors are answered by the court in the affirmative, the claim is procedurally defaulted, and a federal court may not consider the claim for habeas corpus review unless petitioner is able to show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate "cause" sufficient to excuse procedural default, petitioner must show that there was an objective factor, external to petitioner, that impeded him from complying with the state rule. *Id.* at 753. To demonstrate "prejudice," petitioner must show that the alleged constitutional violation resulted in "actual prejudice not merely a possibility of prejudice." *Maupin*, 785 F.2d at 139.

## III. LAW AND ANALYSIS

In his R&R, the Magistrate Judge recommended that Thompson's petition be denied because all of his claims were procedurally defaulted. (Doc. No. 30.) Petitioner made four objections to the Magistrate Judge's recommendation. (Doc. No. 33.) This Court will review *de novo* Petitioner's objections in order.

**A. Thompson's First and Second assignments of error were procedurally defaulted based upon untimely filing of the Rule 26(B) application.[3]**

Thompson objects to the Magistrate's finding that he was procedurally defaulted from raising his First and Second assignments of error based upon his late Rule 26(B) filing. Ohio Rule of Appellate Procedure 26(B)(1) states that:

> [a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Thompson's appellate judgment was journalized on October 15, 2007. He did not file a Rule 26(B) application until April 14, 2008. As the Ohio Fifth District Court of Appeals held, Thompson's motion was untimely since it was filed more than ninety days from the journalization of the appellate judgment and he did not show good cause for the late filing.

As stated above, a federal habeas court may not consider a petitioner's claim for habeas corpus relief if he was prevented from raising that claim in state court based upon a failure to comply with a state procedural requirement. *Maupin*, 785 F.2d at 138. This Court applies the *Maupin* test to determine if Thompson's First and Second assignments of error were procedurally defaulted and whether Thompson can overcome the default. First, Rule 26(B)'s ninety day filing time period is a procedural rule that was applicable to Thompson's claims and he failed to comply with that requirement by filing his application 182 days after the date of journalization of the appellate judgment. Second, state courts clearly enforce the time limit for filing Rule 26(B) applications since they did so in Thompson's case. Third, the Sixth Circuit recently stated that Rule 26(B)'s time limit constitutes an adequate and independent procedural

---

[3] As mentioned above, the Magistrate also determined the Second assignment of error to be procedurally defaulted based upon res judicata, but Petitioner did not object to that finding.

ground for dismissing habeas petitions in non-capital cases. *Abshear v. Moore*, 354 Fed. Appx. 964, 969 (6th Cir. 2009). With the first three prongs of the *Maupin* test satisfied, Thompson has the burden of showing both cause and prejudice. Thompson cannot show either.

Although Thompson claims that his appellate counsel was ineffective for failing to provide him with a copy of the unpublished decision of the Ohio appellate court, after examining the chronology in this case, his claim ultimately lacks merit. Thompson presents evidence of his own efforts to discover what transpired at his direct appeal. Eventually, Thompson obtained a copy of the docket on December 19, 2007, which showed that the Ohio appellate court had decided his case. The docket also showed that the court had journalized its decision on October 15, 2007. That his attorney allegedly never provided him with notice of the decision is of no moment, as Thompson received notice on December 19, 2007. And even if this Court uses the date of December 19, 2008, when Thompson claims he was initially notified of the decision, as the date from which to begin the ninety day time limit for Rule 26(B) applications, Thompson's April 14, 2008 application is still late.[4] *Kimble v. Gansheimer*, 2009 U.S. Dist. LEXIS 113160 *34 (N.D. Ohio Dec. 4, 2009). Thus, Thompson fails to show that his appellate counsel's alleged ineffectiveness caused the delay in filing. Since no cause is shown, the Court need not consider prejudice.

Accordingly, the First and Second assignments of error are procedurally defaulted, and Petitioner's Objection I is **OVERRULED**.

---

[4] This Court's holding can be reconciled with the Sixth Circuit's holding in *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006), since the court in *Smith* ultimately found that, although failure to provide a client with the appellate decision did constitute ineffective assistance of counsel which served as cause for the late filing, there was no prejudice since petitioner still did not file within the time limit once he became aware of the appellate court's decision. Therefore, the Sixth Circuit still found Smith to have procedurally defaulted his habeas claim. Even if the Court were to find that Thompson's appellate attorney caused the delay in filing, under *Smith*, Thompson's own subsequent delay in filing after he became aware of the decision would still constitute procedural default with no showing of prejudice.

**B. Thompson's First and Second assignments of error were procedurally defaulted based upon Thompson's failure to file the required affidavit.**

Thompson also objects to the Magistrate Judge's finding that he was procedurally defaulted from raising his First and Second assignments of error in a federal habeas action based upon his failure to file the required affidavit with his Rule 26(B) application. Ohio Rule of Appellate Procedure 26(B)(2)(d) clearly states that an application for reopening must contain a sworn affidavit that appellate counsel's representation was deficient with respect to the assignments of error and arguments raised in the application. The affidavit must also specify the "manner in which the deficiency prejudicially affected the outcome of the appeal." Ohio App. Rule 26(B)(2)(d). Thompson did not attach such an affidavit, although he did file an affidavit swearing to the truth of the allegations. But the Fifth District Court of Appeals held that, under Ohio law, such an affidavit does not meet the requirements of Rule 26(B) and, therefore, Thompson's application was procedurally defaulted.

The *Maupin* test is also used to determine whether Thompson's failure to file the required affidavit in his Rule 26(B) application procedurally defaults his claim and prohibits this Court from considering it. In applying the four factors, first, there is clearly a state filing requirement of a particularized affidavit and Thompson did not submit such an affidavit. Second, the state did enforce the requirement against Thompson and held his Rule 26(B) application to be procedurally defaulted based in part upon this deficiency. Third, a review of Ohio caselaw shows that the affidavit requirement in Rule 26(B) applications is well-established and regularly enforced. *See State v. Perry*, 2009 Ohio App. LEXIS 1898 **1-2 (Ohio Ct. App. May 12, 2009) (holding that the affidavit is mandatory in Rule 26(B) applications and failure to include it is a sufficient reason to deny the application); *see also State v. Lechner*, 72 Ohio St. 3d 374, 375 (1995) (affirming the judgment of the appellate court that the sworn affidavit is mandatory).

Since the Court finds that the first three *Maupin* factors are present, Thompson must show cause and prejudice for his failure to file the required affidavit. Nowhere in his petition or objection does Thompson present a claim of cause or prejudice. Therefore, this Court agrees with the Ohio Fifth District Court of Appeals and Magistrate Judge Perelman that Thompson cannot show cause or prejudice to overcome such a procedural default. Thompson's First and Second assignments of error are procedurally defaulted based upon his failure to file the required affidavit, and thus Petitioner's Objection II is **OVERRULED**.

**C. The R&R correctly evaluated Thompson's First assignment of error as being part of his untimely Rule 26(B) application and thus procedurally defaulted.**

Petitioner claims that the Magistrate Judge erred in stating on p. 13 of his R&R that Petitioner did not raise the ineffective assistance of appellate counsel claim in his Rule 26(B) application. While the Magistrate Judge may have misstated in this one instance, he correctly listed the ineffective assistance of counsel claim as present in Petitioner's Rule 26(B) application in the R&R's discussion of Petitioner's procedural history (Doc. No. 30, p. 2-3.) He also goes through an analysis of the procedural default of Petitioner's ineffective assistance claim based upon the untimely filing of his Rule 26(B) application. (*Id.* at p. 12.) Ultimately, this slight oversight and misstatement did not affect the Magistrate Judge's findings and likewise does not alter this Court's disposition. The ineffective assistance claim was procedurally defaulted based upon the untimely filing of the Rule 26(B) application, precluding the Court from reviewing the claim. Therefore, Thompson's Objection III is **OVERRULED**.

**D. The Court has discretion pursuant to Rule 4 to fix the time limit within which respondent must file an answer.**

Section 2254 proceedings are governed by the Rules Governing Section 2254 Cases. Rule 4 of the Rules Governing Section § 2254 Cases grants district courts discretion to

determine and fix the time limit within which a habeas corpus respondent must file an answer. The advisory committee notes to Rule 4 state that "Rule 4, which contains no fixed time requirement, gives the Court discretion to take into account factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made." U.S. R. Gov'g 2254 § Cases 4. Here, Respondent requested more time to respond on three separate occasions based on the great number of habeas petitions in her case load. (Doc. No. 14; Doc. No. 20; Doc. No. 22.) Petitioner did not timely object to the extensions. Pursuant to the court's expanded discretion under Rule 4, the court granted Respondent additional time. (Doc. No. 15; Doc. No. 21; Doc. No. 23.) Under Rule 4, the court may grant such extensions within its discretion.

**E. The Court need not evaluate Petitioner's claims on the merits since the claims were procedurally defaulted.**

A federal district court may not consider a claim for habeas corpus relief if the claim was procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 549-550 (6th Cir. 2002). Since the Court determined that all of Petitioner's claims were procedurally defaulted, neither the Magistrate Judge nor this Court may evaluate Petitioner's claims on the merits.

**F. The Court may introduce procedural default sua sponte.**

The United States Supreme Court and the Sixth Circuit agree that federal habeas corpus courts may raise procedural default sua sponte. *Day v. McDonough*, 547 US 198, 209-10 (2006); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). Therefore, since Magistrate Judge Perelman correctly identified that Thompson's First assignment of error was procedurally defaulted and not exhausted at the state level, he raised the defense sua sponte within his discretion.

Based on the above reasoning, Thompson's Objection IV is **OVERRULED**.

## IV. CONCLUSION

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation (Doc. No. 30) is **ACCEPTED**, and the petition for a writ of habeas corpus (Doc. No. 11) is **DENIED**. Finding no cause for an evidentiary hearing, Petitioner's request for an evidentiary hearing (Doc. No. 33) is **DENIED**. This Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: October 13, 2010

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**